# SUMMONS ISSUED

Anthony J. Viola
Andre K. Cizmarik
Edwards Wildman Palmer LLP
750 Lexington Avenue
New York, NY 10022
(212) 308-4411
Attorneys for Plaintiff The National Grange
Of The Order Of Patrons Of Husbandry

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

THE NATIONAL GRANGE OF THE
ORDER OF PATRONS OF HUSBANDRY,

                    Plaintiff,

    - against -

BROOKLYN GRANGE, LLC,

                    Defendant.

No. 11 CV _____

**COMPLAINT**

**CV11-5326**

**KUNTZ, J.**

REYES, M.J.

Plaintiff, THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF

HUSBANDRY, by its undersigned attorneys, on personal knowledge as to its own acts and

otherwise upon information and belief, alleges for its Complaint against Defendant BROOKLYN

GRANGE, LLC as follows:

## NATURE OF THE CASE

1.      This is an action for federal trademark infringement, trademark dilution, unfair

competition, and State common law trademark infringement, dilution and unfair competition.

2.      Plaintiff, THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF

HUSBANDRY (hereinafter referred to as "the Grange"), a nonprofit agricultural public interest

organization that has been in existence for close to one hundred forty-five years, owns famous,

federally registered marks such as GRANGE, THE NATIONAL GRANGE, THE GRANGE

FOUNDATION and NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY and owns common law rights in those marks and other related marks, such as HOME ON THE GRANGE (collectively referred to as the GRANGE marks).

3. Defendant BROOKLYN GRANGE, LLC, is a recently formed, for-profit commercial enterprise that sells produce, eggs and honey to businesses and the public through various New York City based wholesale and retail market locations, and provides meal and alcohol services to the general public at its primary business location. Defendant has unlawfully adopted and is using the Plaintiff's GRANGE marks as an integral part of its name and trademark, designating itself and its goods and services. Defendant intends to expand its sale of agricultural goods and services under the BROOKLYN GRANGE trademark and the BROOKLYN GRANGE LLC name.

4. Such use of the GRANGE marks is likely to mislead businesses and the public into believing Defendant's organization is the same as, affiliated with, part of, or sponsored by Plaintiff, to Plaintiff's detriment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1052(a), 1052(d), 1114, 1116, 1125(a), 1125(c), and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367.

6. This Court has personal jurisdiction over the Defendant.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

8. Plaintiff, the Grange, is a nonprofit corporation organized and existing under the laws of the District of Columbia, with its principal place of business at 1616 H Street, NW,

Washington, DC 20006. The Grange is a non-profit, fraternal agricultural and public interest organization that provides services to families and communities on a variety of agricultural issues, including economic development, education, support of farmers, farms and farming, family endeavors, and legislation designed to assure a strong and viable agricultural America.

9.      Defendant BROOKLYN GRANGE LLC is a commercial, for-profit limited liability company, recently formed in March 2010, organized and existing under the laws of the State of New York, and having its principal place of business at 37-18 Northern Boulevard, Long Island City, New York.

## GENERAL ALLEGATIONS

### Plaintiff's Grange Marks

10.     The Grange, a nonprofit organization founded on December 4, 1867 to promote agricultural interests, is today the nation's oldest national agricultural organization. The Grange's 162,000 members provide a variety of volunteer based as well as commercial goods and services to families and communities, through an extensive network of more than 2500 state, county and local Grange chapters located across the country. Among its many goods and services, the Grange provides: support for stewardship of America's natural resources; education, literacy, local community development; promotion of safe and properly labeled food products; as well as organization of member-owned cooperative and mutual business enterprise and other member services to support agricultural America. Furthermore, the Grange is known for its support and promotion of public policies regarding food inspection programs and quality control as well as the regulation of responsible alcoholic beverage consumption.

11.     As a result of close to 145 years of service to agricultural America, the Grange and the GRANGE Marks have become famous and well-known across the nation.

12.    The Grange is the owner of U.S. Trademark Registration Number 1,872,429 for the mark GRANGE, a mark the Grange has used in commerce in the United States from 1876 to the present day. The Grange also owns U.S. Registration No. 1,817,894 for NATIONAL GRANGE; U.S. Registration No. 1,782,923 for THE GRANGE FOUNDATION; U.S. Registration No. 1,816,827 for NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY; U.S. Registration No. 1,824,368 for the GRANGE LOGO; U.S. Registration No. 3,406,802 for PAMOLA GRANGE CENTER; U.S. Registration No. 3,792,976 for THE OLD GRANGE RESTAURANT; U.S. Registration Nos. 3,792,978 and 3,974,240 for GRANGE.

13.    The Grange first began using the GRANGE Trademarks in 1876, and has long used the GRANGE Trademarks in interstate commerce in connection with a variety of goods and services related to farms and produce.

14.    The Grange has authorized the retail sale of fresh, farm-raised vegetables, as well as other foods, such as preserves, jams, sausages, and condiments in the United States under its GRANGE Trademarks.

15.    The Grange has used its GRANGE Trademarks in connection with farmer's markets, as well as with fairs and other venues through which produce and other food products have been sold since at least as early as 1880. The GRANGE Marks have been used with catering services and banquet and social function facilities at which meals are served since at least as early as 1885. The Grange has licensed restaurants, kitchens, taverns, and cafes throughout the United States to use its GRANGE Trademarks for food service.

16.    Plaintiff the Grange has also licensed other entities to use GRANGE Marks, such as a child care center, which has been licensed to use the mark "Home on the Grange."

17. The Grange is also known for and has long used its GRANGE Trademarks in connection with food-related products, such as cookbooks and barbecue aprons, in addition to the provision of commercial kitchens for use by local farmers for the production of locally processed, prepared foods. The Grange has provided the foregoing goods and services under its GRANGE Marks.

18. The GRANGE Marks are widely featured in the organization's promotional materials. The marks are prominently featured on its website at www.nationalgrange.org and in the New York State Grange website at www.NYSGrange.org. The GRANGE Marks can also be found on the National Grange's letterhead, business cards, brochures, and numerous other materials.

19. Due to the Grange's many years of extraordinary effort and expense, the GRANGE Marks are famous and well-known in the minds of the public, who identify the Grange as the source of goods and services under the GRANGE Marks. The GRANGE Marks thus represent substantial goodwill of great importance and value to the Grange.

20. In the United States, the proper, capitalized name "the Grange" refers to Plaintiff, the National Grange of the Order of Patrons of Husbandry and its local Granges. This meaning is so commonly accepted that it appears in popular dictionaries. *E.g., New Oxford American Dictionary (3d ed.)("(the Grange) (in the US) a farmer's association organized in 1867."); Oxford English Dictionary 2d ed. ; Webster's Third New International Dictionary of the English Language, Unabridged (1993); American Heritage Dictionary of the English Language (4th ed. 2000)("Grange Chiefly Northeastern U.S. a. An association of farmers founded in the United States in 1867. b. One of the branch lodges of this association.").*

21.     In the course of its nearly 145 year history, the Grange has had a number of local Grange chapters named "Brooklyn Grange" in various states throughout the country, including Pennsylvania, Illinois, and Kansas.  In the nearby state of Connecticut, the Brooklyn Grange, formed in 1886, continues to serve the public interest actively under the name "Brooklyn Grange."

22.     Plaintiff the Grange has had a significant presence in New York State since 1873. Plaintiff the Grange has more than  240 local Grange chapters in the State of New York, such as the Bethlehem Grange, the Brunswick Grange, the Belmont Grange, the Bangor Grange, and the Belfort  Grange.  (See www.NYSGrange.org.)  Members of these Granges are farmers, producers and purveyors of food products.

### Defendant's Wrongful Conduct

23.     Defendant, a for-profit commercial organization recently formed in March 2010, sells vegetables it grows on rooftop gardens to businesses and the public under the trademark BROOKLYN GRANGE and trade name BROOKLYN GRANGE LLC.

24.     Defendant's adoption of BROOKLYN GRANGE as its trademark and BROOKLYN GRANGE LLC as its trade name, with the local designation BROOKLYN preceding the mark GRANGE, follows the long-established pattern used by the Grange of local Granges being identified by local place names.

25.     Defendant's BROOKLYN GRANGE trademark and BROOKLYN GRANGE LLC trade name are identical to the names of local Brooklyn Granges that have existed throughout the country, such as the Brooklyn Grange in the adjacent state of Connecticut.

26.     Defendant started using the infringing mark BROOKLYN GRANGE and trade name BROOKLYN GRANGE LLC long after Plaintiff adopted and began using the GRANGE

Marks, and long after the GRANGE Marks became famous. Plaintiff, the Grange, is the senior user, having used its GRANGE Marks for close to one hundred forty-five years.

27.     Defendant knew or had reason to know of the existence of the Grange, and of the GRANGE Marks, before adopting the infringing mark BROOKLYN GRANGE or trade name BROOKLYN GRANGE LLC.

28.     Defendant did not seek the Grange's permission before adopting the infringing mark, BROOKLYN GRANGE or trade name BROOKLYN GRANGE LLC.

29.     Plaintiff the Grange has not consented to, sponsored, endorsed or approved Defendant's use of the infringing BROOKLYN GRANGE mark on or in connection with any goods or services.

30.     Plaintiff the Grange has notified Defendant that its unauthorized use of the word GRANGE violates Plaintiff's rights in the GRANGE Marks. Yet Defendant has failed and refused to cease its unauthorized use of the BROOKLYN GRANGE trademark or the trade name BROOKLYN GRANGE LLC.

31.     The dominant, distinctive component of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC is the word GRANGE.

32.     Defendant uses its BROOKLYN GRANGE trademark to sell produce to businesses and the public.

33.     Defendant has used the infringing mark, with the dominant component GRANGE, to draw attention to itself, and to promote itself, by falsely suggesting a connection with the Grange.

34.     Defendant has used the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC extensively in its advertising, marketing and promotions to

businesses and the public, and on websites, www.BrooklynGrangeFarm.com and

www.GrangeHome.com.

35.     In its communications to the public at large, Defendant has referred to itself as the

Grange.

36.     As recently as October 2011, Defendant Brooklyn Grange LLC promoted a

"Home on the Grange" festival at its primary place of business, featuring an $89 per ticket buffet

and "all you can drink" of alcoholic beverages.

37.     Plaintiff the Grange has licensed a child care center to use "Home on the

Grange." Plaintiff has not authorized Defendant to use the term "Home on the Grange" for any

commercial purpose, much less an all-you-can-drink alcoholic beverage festival.

38.     Defendant's use of the BROOKLYN GRANGE trademark and the trade name

BROOKLYN GRANGE LLC in connection with its goods and services is likely to confuse,

mislead, and deceive members of the trade and the public as to the origin of Defendant's goods

and services and cause these persons to believe that Defendant's goods and services have been

sponsored, approved, authorized or licensed by Plaintiff, or that Defendant is in some way

affiliated, part of, or connected with Plaintiff the Grange.

39.     There is a likelihood that members of the public will incorrectly associate the

activities of Defendant with those of Plaintiff the Grange.  Because there is no affiliation

between Plaintiff and Defendant, Plaintiff has no control over the nature or quality of

Defendant's goods or services, and any defects or deficiencies in those goods or services will be

attributed to Plaintiff, tarnishing the GRANGE Marks and diluting the good will the Grange has

built up over the last century and more.

40.     Accordingly, not only are members of the trade and public likely to be confused or deceived into believing that Defendant's services are sponsored, approved, licensed, or affiliated with Plaintiff, but the value and distinctiveness of the famous GRANGE Marks are likely to be, and already have been, diminished and diluted by association with Defendant's goods and services. This confusion is injurious to the Grange, which has built its goodwill and reputation for over 100 years.

41.     Plaintiff Grange has requested that Defendant cease its acts of infringement, but Defendant has willfully refused to cease its wrongful acts. Defendant has instead evidenced its intention to expand its commercial operations and sales of agricultural products as well as meal and alcohol services under the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC in New York and beyond.

## COUNT I

### Federal Trademark Infringement
### Lanham Act §32, 15 U.S.C. § 1114

42.     Plaintiff incorporates by reference all factual averments set forth in the preceding paragraphs of the Complaint.

43.     Defendant's use of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC without the consent of Plaintiff is likely to confuse and deceive the public into believing that Defendant and its goods or services are associated or affiliated with Plaintiff, or are sponsored or endorsed by Plaintiff.

44.     Defendant's activities described above constitute infringement of Plaintiff's rights in its federally registered GRANGE Marks under 15 U.S.C. § 1114.

45.     Defendant had actual notice of Plaintiff's trademark rights, yet has knowingly and intentionally adopted, used, and expanded its use of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC, causing confusion, mistake, and deception.

46.     As a direct and proximate result of Defendant's willful and deliberate conduct, Plaintiff has suffered, and will continue to suffer, substantial injuries, loss and damages to its goodwill.

47.     Plaintiff has been irreparably harmed, and if Defendant is permitted to continue its willful and deliberate acts of infringement, Plaintiff will continue to be irreparably harmed. Plaintiff is entitled to injunctive relief prohibiting Defendant from using the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC or any confusingly similar terms or marks in connection with its goods and services.

## COUNT II

### Federal Unfair Competition
### Lanham Act § 43(a), 15 U.S.C. § 1125(a)

48.     Plaintiff incorporates by reference all factual averments set forth in the preceding paragraphs of the Complaint.

49.     Defendant's use of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC in connection with its goods and services constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and/or services or activities by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     At all relevant times, Defendant, knew, should have known, or had reason to know of Plaintiff's federal registrations and common law rights in the GRANGE Marks.

51.     At all relevant times, Defendant knew, should have known, or had reason to know that Plaintiff the Grange historically names its local Granges by place name, such as the Brooklyn Grange in the adjacent state of Connecticut.

52.     Defendant has nonetheless willfully undertaken its aforementioned actions in contravention of Plaintiff's rights, adopting and using a trade name and trademark that is similar or identical to Plaintiff the Grange's trademarks, and falsely suggests a connection to the Grange.

53.     Plaintiff has not authorized or licensed Defendant to use Plaintiff's GRANGE Marks.

54.     Plaintiff has no control over Defendant's use of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC, nor over the quality of goods and services Defendant provides.  Such uncontrolled use places Plaintiff's marks, reputation, and goodwill at risk of serious injury.

55.     As a direct and proximate result of Defendant's willful and deliberate conduct, Plaintiff has suffered, and will continue to suffer, substantial injuries, loss and damages to its business and goodwill.

56.     Plaintiff has been irreparably harmed, and if Defendant is permitted to continue its willful and deliberate acts of infringement, Plaintiff will continue to be irreparably harmed.

## COUNT III

### Federal Trademark Dilution
### Lanham Act § 43(c), 15 U.S.C. § 1125(c)

57.     Plaintiff incorporates by reference all the factual averments set forth in the preceding paragraphs of the Complaint.

58.     The GRANGE Marks are famous and distinctive.

59.     Defendant's adoption and use of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC began long after Plaintiff's GRANGE Marks became famous.

60.     Defendant's use of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC has caused and is continuing to cause dilution of the distinctive quality of the famous GRANGE Marks, in that such use lessens the capacity of the famous GRANGE Marks to identify and distinguish Plaintiff's goods and services.

61.     There is a likelihood that members of the public will incorrectly associate the activities of Defendant with those of Plaintiff the Grange. Because there is no affiliation between Plaintiff and Defendant, Plaintiff has no control over the nature or quality of Defendant's goods or services, and any defects or deficiencies in those goods or services will be attributed to Plaintiff, tarnishing the GRANGE Marks and diluting the good will the Grange has built up over the last century. Plaintiff's GRANGE Marks will suffer negative association through Defendant's use.

62.     The aforesaid dilution of the distinctive quality of the famous GRANGE Marks reduces the value to Plaintiff of those marks, to Plaintiff's detriment.

63.     Defendant's actions described above constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

12

64.     As a direct and proximate result of Defendant's willful and deliberate conduct, Plaintiff has suffered, and will continue to suffer, substantial injuries, loss and damages to its business and goodwill.

65.     Plaintiff has been irreparably harmed, and if Defendant is permitted to continue its willful and deliberate acts of infringement, Plaintiff will continue to be irreparably harmed.

## COUNT IV

### State Common Law Trademark Infringement

66.     Plaintiff incorporates by reference all factual averments set forth in the preceding paragraphs of the Complaint.

67.     Defendant's use of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC without the consent of Plaintiff is likely to confuse and deceive the public into believing that Defendant and its goods or services are associated with Plaintiff, or are sponsored or endorsed by or affiliated with Plaintiff.

68.     Defendant's activities described above constitute trademark infringement of Plaintiff's trademark rights in violation of the common law of the State of New York.

69.     Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive. Defendant has had actual notice of Plaintiff's trademark rights.

70.     At all relevant times, Defendant knew, should have known, or had reason to know that Plaintiff the Grange historically names its local Granges by place name, such as the Brooklyn Grange in the adjacent state of Connecticut.

71.     As a direct and proximate result of Defendant's willful and deliberate conduct, Plaintiff has suffered, and will continue to suffer, substantial injury, and loss of goodwill.

72.     Plaintiff has been irreparably harmed, and if Defendant is permitted to continue its willful and deliberate acts of infringement, Plaintiff will continue to be irreparably harmed.

Plaintiff is entitled to injunctive relief prohibiting Defendant from using the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC or any names or marks confusingly similar to the GRANGE Marks in connection with its goods and services.

## COUNT V

### General Business Law § 360-I
### State Trademark Dilution

73.    Plaintiff incorporates by reference all factual averments set forth in the preceding paragraphs of the Complaint.

74.    Plaintiff's GRANGE Marks are distinctive.

75.    Defendant's use of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC began long after Plaintiff's GRANGE Marks became famous.

76.    Defendant's BROOKLYN GRANGE trademark and BROOKLYN GRANGE LLC trade name use the dominant component GRANGE from the GRANGE Marks.

77.    Defendant's BROOKLYN GRANGE trademark and trade name BROOKLYN GRANGE LLC are substantially similar to Plaintiff the Grange's GRANGE Marks.

78.    Defendant is using the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC in connection with the cultivation and sale of produce, eggs and honey to the public and to businesses via various wholesale and retail market outlets in the New York City area as well as providing meal and alcoholic beverage services to the public at its primary business location.

79.    Defendant sells produce, eggs, and honey and markets its meal and alcoholic beverage services bearing its BROOKLYN GRANGE mark to consumers from all walks of life, both sophisticated and unsophisticated.

80. Defendant, through its officers, directors and other personnel, knew of Plaintiff the Grange and the GRANGE Marks before it adopted the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC.

81. Defendant recently adopted the BROOKLYN GRANGE LLC trade name in March 2010, and did not begin using the BROOKLYN GRANGE trademark in connection with the sale of produce until much later.

82. Defendant's use of the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC has caused, is causing, and is likely to continue to cause dilution by blurring the distinctive quality of the famous GRANGE Marks, in that such use lessens the capacity of the famous GRANGE Marks to identify and distinguish Plaintiff's goods and services.

83. The aforesaid dilution of the distinctive quality of the famous GRANGE Marks reduces the value to Plaintiff of those marks, to Plaintiff's detriment.

84. There is a likelihood that members of the public will incorrectly associate the activities of Defendant with those of Plaintiff the Grange. Because there is no affiliation between Plaintiff and Defendant, Plaintiff has no control over the nature or quality of Defendant's goods or services, and any defects or deficiencies in those goods or services will be attributed to Plaintiff, tarnishing the GRANGE Marks and diluting the good will the Grange has built up over the last century. Plaintiff's GRANGE Marks will suffer negative association through Defendant's use.

85. Defendant's actions described above constitute trademark dilution under the laws of the State of New York.

86.     As a direct and proximate result of Defendant's willful and deliberate conduct, Plaintiff has suffered, and will continue to suffer, substantial injuries, loss and damages to its goodwill.

87.     Plaintiff has been irreparably harmed, and if Defendant is permitted to continue its willful and deliberate acts of infringement, Plaintiff will continue to be irreparably harmed. Plaintiff is entitled to injunctive relief prohibiting Defendant from using the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC or any names or marks confusingly similar to the GRANGE Marks in connection with its goods and services.

## COUNT VI

### General Business Law § 349
### State Unfair Competition

88.     Plaintiff incorporates by reference all factual averments set forth in the preceding paragraphs of the Complaint.

89.     At all relevant times, Defendant, knew, should have known, or had reason to know of Plaintiff's federal registrations and common law rights in the GRANGE Marks.

90.     At all relevant times, Defendant knew, should have known, or had reason to know that Plaintiff the Grange historically names its local Granges by place name, such as the Brooklyn Grange in the adjacent state of Connecticut.

91.     In its public advertising, press releases, public statements, marketing, offers for sale and sales, all of which have been made to consumers at large, Defendant has materially misled consumers by using the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC, misrepresenting that Defendant and its goods and services are sponsored, approved, licensed, endorsed, or affiliated with Plaintiff, the Grange.

92.    Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the GRANGE Marks, Defendant Brooklyn Grange LLC has advertised, distributed, offered for sale and/or sold produce to the consuming public under the confusingly similar BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC, in violation of New York General Business Law §349.

93.    Defendant Brooklyn Grange LLC's aforesaid representations to consumers at large are likely to deceive and mislead a reasonable consumer, acting reasonably under the circumstances, into believing that Defendant and its goods and services are sponsored, approved, licensed, endorsed, or affiliated with Plaintiff, the Grange.

94.    In its representations to and transactions with consumers at large, Defendant Brooklyn Grange LLC has palmed off itself, its goods and its services as those of Plaintiff, the Grange.

95.    Defendant's aforesaid deceptive acts or practices are likely to cause and are causing confusion, mistake and deception among the general purchasing public as to the true source of origin of Defendant's goods and services.

96.    As a direct and proximate result of Defendant's willful and deliberate conduct, the value and distinctiveness of the famous GRANGE Marks are likely to be, and already have been, diminished by association with Defendant's goods and services. This confusion is injurious to the Grange, which has built its goodwill and reputation for close to 145 years. Plaintiff has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill.

97.    Plaintiff has been irreparably harmed, and if Defendant is permitted to continue its willful and deliberate acts of infringement, Plaintiff will continue to be irreparably harmed.

Plaintiff is entitled to injunctive relief prohibiting Defendant from using the BROOKLYN GRANGE trademark and the trade name BROOKLYN GRANGE LLC or any confusingly similar terms or marks in connection with its goods and services.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment in its favor and against Defendant as follows:

A.    An injunction restraining and enjoining Defendant, and all of its agents, successors, assigns, and all persons in active concert or participation with any of them, from using the term BROOKLYN GRANGE in any form, or any other mark or name, alone or in combination with other words or symbols, that contains the word GRANGE, or is confusingly similar to any of the GRANGE Marks;

B.    An order requiring Defendant to destroy or deliver to Plaintiff all products, labels, marketing, promotional and other materials in its possession, custody, or control bearing the infringing mark BROOKLYN GRANGE, or any other mark or name, alone or in combination with other words or symbols, such as HOME ON THE GRANGE, which is confusingly similar to any of the GRANGE Marks, or which is likely to cause confusion or mistake or to deceive;

C.    An order requiring Defendant to file with this Court and serve upon Plaintiff within ten (10) days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which it has complied with the injunctions in subparagraphs A and B hereof;

D.    An award of damages and litigation expenses, including attorneys' fees and the costs of this action.

E.     Such other and further relief as this Court deems just and proper.

Dated: October 31, 2011
New York, New York

Respectfully submitted,

Andre K. Cizmank

Anthony J. Viola
Andre K. Cizmarik
Edwards Wildman Palmer LLP
750 Lexington Avenue
New York, NY 10022
Tel.: (212) 308-4411
Fax: (212) 308-4844
aviola@edwardswildman.com
acizmarik@edwardswildman.com

*Attorneys for Plaintiff The National Grange
Of The Order Of Patrons Of Husbandry*

Of counsel:

James L. Bikoff (not yet admitted *pro hac vice*)
David K. Heasley (not yet admitted *pro hac vice*)
Silverberg, Goldman & Bikoff, LLP
Georgetown Place, Suite 120
1101 30th Street, N.W.
Washington, D.C. 20007
Tel.: (202) 944-3300
Fax: (202) 944-3306
jbikoff@sgbdc.com
dheasley@sgbdc.com